This is Norman Cohen versus the United States, 2012, 5135. Mr. Dobbs. Good morning, Your Honors. May it please the Court. This is a copyright appeal from the Court of Federal Claims. It's a little bit of an unusual case because it is purely a copyright case, which we don't see these very often at the Federal Circuit. But here we have an author whose works were infringed by a federal agency. And there's no dispute that there was at least some infringement. Questions before the Court go to the extent of damages and whether there was evidence of damages sufficient to preclude summary judgment. And with respect to actual damages, I'd like to focus on that first. All the actual damages issues that are on appeal were decided at summary judgment stage. I'm having difficulty here. As I understand the case law, once you choose and make an election for statutory damages, then your right to seek actual damages disappears. So why are we debating the actual damages analysis at this point? Judge O'Donnell, I agree with you. That's a general proposition. That's correct. In this case, we had several reasons. First, the government hasn't argued that we waived the right to seek actual damages. So government hasn't raised that issue. Second, in this instance, these were interlocutory decisions, which we couldn't appeal at the time they were decided. So we've raised them now on appeal. And third, I think it just makes for judicial efficiency to raise them now, particularly in light of the case law that was before the Court of Federal Claims in the Westberg case, where in essence, the Court of Federal Claims in that case had suggested very strongly that the scope of statutory damages was much larger than what Chief Judge Hewitt had decided in this case. So given the posture of the case at the time, it made sense. And given the adverse rulings that we experienced below with respect to actual damages, we were left in a position of litigating a case really with no reasonable evidence to present on actual damages and moving forward. Coming up here on appeal, appealing those issues separately, then if we were successful to hold back, then maybe I'd bring up the actual damages. So I understand that it may have been somewhat of a Hopson's choice, but you're saying the court forced you into selecting statutory damages. And so therefore, we should reverse the summary judgment as it relates to actual damages and now treat this as a non-statutory damages case? I think that's absolutely correct, Judge O'Malley, because again, the actual damages issues were interlocutory orders. And in general, when you have an interlocutory decision on an order like that, you have the right to appeal those upon final judgment of the case. And that's what we're doing here. But again, more importantly, the government hasn't argued it. They've waived that waiver argument, if you will. So the government hasn't presented an argument that we've now lacked the ability to seek actual damages if we are successful on our argument for this court. And as I understand, then your alternative was that this evidence is still relevant, even if we're talking about statutory damages, because there may be a range as opposed to $750. Yes, Your Honor. As we lay out in our brief, and as is consistent with the case law in all these copyright cases, in terms of the private context, the evidence that goes to actual damages is almost always just as relevant to the evidence as statutory damages. Now here, assuming that, for the sake of argument right now, that there is a range of statutory damages available against the federal government, then the court certainly should have considered the evidence that we presented. The court erred in particular, because what the court did below is really apply the same heightened burden of showing proof that would support an enhanced statutory damages award. We have our primary argument that the standard the court applied was just wrong with respect to summary judgment, because in the court's own language, the court was looking for significant evidence, significant permanent evidence of actual damages. I submit to this court that that's not the proper standard at summary judgment stage. What you have to look for is whether there's a genuine issue, material fact, and dispute. What are the standard guidelines for determining statutory damages, not less than $750,000 or more than $30,000, as the court considers just? That's inherently discretionary. And what are the guidelines? Well, if you look at the guidelines, you look at the Second Circuit's Fitzgerald Publishing case, and they set forth four or five factors that go to precisely the type of evidence that the court would consider in an enhanced damages case. Now, I will submit to you, Judge Lurie, that if the court does consider that evidence properly, it's certainly within the court's discretion. And it's abuse of discretion standard of review. And this is consistent, again, with copyright cases in the private context. But again, I submit that in this instance, the court did not consider all the evidence properly. And as one significant example, what was undisputed in this case, both experts, my client's expert and the government's expert, both agreed that a reasonable fee for FEMA's use of Dr. Cohen's materials as a licensing fee would have been $30,000. Nowhere in the trial court's decision does Chief Judge Hewitt address that fact, in particular, with respect to enhanced statutory damages, if they were available. Turning, again, to actual damages, my client On the statutory, she said it was limited to $750. That was because there were only five days between the time he alerted the government and the time they took it off the internet, right? The web page? Judge Mayer, that was part of the lower court's reasoning. But it wasn't the entire reasoning. And again, it doesn't address the fact that the trial court overlooked the fact that both experts agreed that given FEMA's unauthorized use of Dr. Cohen's materials, then he would have been awarded about $30,000 in damage. Now, remember, Now, were those experts assessing a seven-day time frame? Or were they assessing that issue based on the totality of the use? I suspect it's a little unclear at this point, because those decisions, or those expert reports, were provided prior to some of these later evidentiary rulings. But nonetheless, this goes back to a fundamental issue in this case, with respect to internet-based infringement. Normally, in copyright cases, when there's a time period of infringing, it's presumed that the longer time period of infringing will lead to enhanced damages, because there'll be more sales. But now, that presumption, or that assumption, doesn't apply as well here. Because whether you put it on the internet for seven days, or seven weeks, or seven months, I mean, the magnitude of availability is exponentially greater than putting books, infringing books, in a bricks-and-mortar store. And I think that's part of the issue here. And with respect to the actual, turning back to the actual damages in this case, what Dr. Cohen was left in a position with, Dr. Cohen, at the trial court, asked for the records that FEMA had with respect to the use of the unauthorized materials on the website. FEMA said that either they didn't exist, or they weren't available. And so no records were produced. Our client was left in a position of trying to estimate, as best he could, the actual usage of the infringing website. Our expert did that. He looked at Google ranking web pages. He looked at average usage. He made some assumptions. And all of these are factual assumptions based on this expert's experience in the field, which the government doesn't dispute that our expert is qualified to opine on. And he made an estimate, and he made projections. And the projections are the same types of projections that Second Circuit, for example, in the Stephen Flynn case, has accepted, or said would be acceptable if they are documented. And in this case, our projections are based on documented sales. Now, we would be left in a position of not being able to produce any evidence about infringing if the infringer simply deleted the records about the usage of the website. We've given our best estimate, and importantly, the government's expert didn't dispute or challenge our modeling of that usage. And so even if he had, even if the government's expert had disputed it, we would agree to disagree at this point, go to trial, and see whose expert's more credible. But without that dispute from the government's expert, I just don't see how summary judgment could be issued on that matter. I would like to turn to the statutory damages issue, because I think that's an important issue here, just from a statutory construction standpoint. And I understand the government raises the issue, and this court has addressed the issue somewhat in the Gaylord case, but there are significant differences between what's available as reasonable and entire compensation under 1498A in the patent context versus 1498B in the copyright context. And I will agree that reasonable and entire compensation in the patent context has a general, settled meaning. This court hasn't addressed what that means in the copyright context. And if you look at the history of copyright law, and if you look at the damages associated with copyright law, statutory damages have always been an integral part of providing compensation. And what statutory damages do is that they basically lower the burden of proof for allowing damages. But the court awarded statutory damages. But only a minimum. Yes, yes, I agree. And the question is whether you're allowed more than that minimum. Now, in Gaylord, Gaylord said in 1498B, you're not allowed non-competitory damages. But I submit that's not right, because Congress has already said that an infringer or a copyright owner can get non-competitory damages with $750. The question is whether that remedy, and whether Congress intended with that remedy to ensure that a copyright owner could get the entire scope of reasonable compensation just with a lower burden of proof, as happens in the private infringement context. Well, if you're right about that, is there any way we can decide otherwise in light of the Gaylord case? Well, first of all, Gaylord didn't address statutory damages. Gaylord addressed, and I know, Your Honor, you were on both panels on Gaylord, but Gaylord did not address statutory damages. The issue in Gaylord, the second Gaylord case, was whether a copyright owner can get actual damages from the government based on a reasonable royalty. And that was decided by the Second Circuit in the online, on Davis versus Gap case. So I think there's certainly room to distinguish the paragraph or two that discuss 1498B with respect to compensatory versus non-compensatory damages. There wasn't that issue in Gaylord. And I think when you take a closer look at the way reasonable and entire compensation was intended to be established by Congress in 1960 when they amended the law, the goal was always to provide a copyright owner with an adequate remedy against government infringement. And again, going back to the difference between damages in the patent context and damages in the copyright context, and we cited a number of these cases in our brief, strewn through the cases in copyright law is the understanding that, of two things. One, speculation is almost always necessary in assessing copyright damages. You never see that proposition in patent damages cases. And the second is, once you've shown infringement and a decline in sales of the copyrighted work, there's a presumption that there's a causation. Mr. Dowd, you're well into your rebuttal time. Do you wish to save the remainder? I will. Thank you, Judge Lurie. Mr. Reddy. May it please the court. This panel's heard a firm judgment on the trial court awarding minimum statutory damages because Dr. Cohen presented no legitimate evidence of actual damages suffered as a result of what we say is seven days of recovery, or as plaintiffs argue, three months, for the accused postings at FEMA.gov. And in such cases, the proper interpretation or application of 1498B results and requires an award of minimum statutory damages. Now, to get to Judge O'Malley's question about the election requirement, there is no election requirement, per se, incorporated into 1498B. And that's plain language of the statute says, may be brought for recovery of his reasonable time and compensation as damages for such infringement, including the minimum statutory damages as set forth in Section 504C of Title 17. And the interpretation there is, it is just including the minimum statutory damage does not require an election. So just in, by comparison or analogy to Fifth Amendment takings, there must be proof for reasonable and higher compensation. If there is no proof of actual damages, then the trial court is allowed to present a nominal award of statutory minimum damages of 750. And how does the court determine between 750 and 30,000? If there's no proof of actual damage, then you revert to the statutory amount, but you've got a spectrum. Well, the argument is the plain meaning of the statute says, including the minimum statutory damages as set forth in 504C. Well, there was no less than, but could be up to 30,000. Well, that is the reading of the Weisberg case, and that was the reading disagreed with by Judge Hewitt. Judge Hewitt just said, well, since there were no actual damages, we'll go to the minimum. She said that in the alternative, yes. But she did say the minimum was all that's authorized under the statute too, didn't she? She said even if, she did say, if her interpretation was minimum, the argument being Dr. Cohen's interpretation is the same whether it says including minimum statutory damages or just including statutory damages. If the entire range was available, the statute would have just read including statutory damages. But instead, minimum statutory damages references the portion of Title 17 that changes over time. It used to not be a 750, previously it was 250. So when it does say the minimum statutory damage, it's referencing by incorporation that number, whatever that number is, and currently it's 750. But aside from that, even if there was available a range, if you don't agree with that interpretation, then the court has already said, even if the appellant is available, only 750 for minimum. And again, this is in accordance with other case law that said statutory damage should bear some relation to actual damages suffered. And there are some cases that say statutory damages can serve to compensate as well as to punish for deterrence. But again, in view of the Lee-Sona case, and even Gaylord, we feel that that's settled law that considerations of the enter and intent and willfulness are not asked considerations here for punishment or deterrence. So again, the all the more reason that statutory damages, even if there is a range, should be limited or should bear some relation to the actual damages suffered. So what incentive would the government have ever not to commit copyright infringement if all they have to do is pay $750? Well, the incentive is the actual damages where a copyright holder can prove whether under all the methods that are available under the case law can properly prove lost profits, can properly prove a hypothetical license negotiation fees. That's what recovery they should get. And the difference being in the same context as in 1498A for patent infringement, unless there's actual damages proven, willfulness and then punishment is not a matched consideration. But I'd like to point to, and so for that reason, we- So the man has his materials infringed repeatedly by the government over a long period of time. And the government then gets rid of all the records or documents that shows exactly what the usage was. And you say, he's out of luck, he gets $750 from us. That's it, right? Well, no, there's another alternative remedy here. And that's what Ron Davis says, where a reasonable royalty or hypothetical license negotiations are a form of actual damages. And so as opposed to lost profits where there's a requirement for but-for causation, and in the government's brief, we argue that there is no but-for causation presented for the lost profits. For actual damages, that's not a requirement. You need to look at the hypothetical negotiation between a willing buyer and a willing seller. And your expert said $30,000. I agree that that would be a reasonable royalty, didn't he? He did. The case law requires that you look for fair market value. And I submit that our expert as well did not rely on it. Okay, so you're saying we've got the judge being presented with two experts saying $30,000 is a reasonable royalty, and we're supposed to conclude that there was zero evidence of what a reasonable royalty would be? Well, exactly. I mean, this is akin, there's cases in the record where exactly that happens, where a expert is not relying on a comparable license or comparable evidence of fair market value. But I don't know that there's cases where the government's own expert agrees with the reasonable royalty, and the court just disregards both of them. Well, I'm not disputing, nor could I ever dispute that our expert did say that that was possibly a not unreasonable measure. But what was he looking at? The measure was- I don't think he phrased it that way. He said, I agree that $30,000 is a reasonable royalty. I think he did say it was not unreasonable, but I'm not going with you on the number. But the point is, this is akin to the Unilaw case, jurisprudence here, where courts made clear that you need to have some connection with fair market value. And the point being, we point in our brief that the hypothetical license base that the expert was pointing to in this case was based on some internet article that was not comparable. It wasn't even a license. It was some article about works of fiction. And that's where the base came from. And under Unilaw, and under the Country Road Music case, and under the Real View 2020 case, those expert opinions were excluded. I'm sorry, not in Unilaw, but in those two other cases, those were copyright cases at the district court level. Those expert opinions were excluded for not relying on legitimate evidence of fair market value. And so we submit, Dr. Cohen had a point of his contract that was available for these reasonable, for such a license. And if you look, this is in the record at page A70, I'm sorry, 780 to 788. This is under royalty ID 1446. And every year, if you look, you'll see a blank entry. Dr. Cohen never received any money ever under that provision of his contract. And the case law requires more than just a citation to some incomparable internet article you need some evidence of fair market value. And I submit that on Davis versus the Gap case, 246 fed third, 152, and at 166, makes very clear that the reason you need to have this fair market value, this comparable evidence of fair market value, is to prevent against unrealistic claims. And in that case, the claim was for $2.5 million. And they said, only when there's actual evidence of fair market value is there, the defendant then protected from an unreasonable claim. And they remanded in on Davis for consideration of one sale in the past that was worth $50. So instead of this $2.5 million claim, they remanded for consideration of evidence of fair market value akin to $50. Again, the point we also wanted to make about actual damages was in the expert's report, there were two points. Again, they break it out for lost profits and for reasonable royalty. And as far as what for a condition, I want to make an argument that they claim that these lost profits were due to lost sales to other governments, to foreign purchasers, and to other entities. And they never present any evidence of that. And that's why we feel like there's no evidence of lost profits. There's no evidence for causation under the Stephen Flynn test. Under- They do have evidence that it was out there and accessible to anyone who wanted to find it. And then they have evidence that their own publisher said, we're not going to republish this because it's accessible out on the web. Well, there are two publishers. One publisher, HRD Press, was the one who's selling the work. There was evidence, well, there was one dispute previously as a letter from his prior publisher, Krieger, sending a letter to Dr. Cohen saying, we think we've seen this on your website. So there was an issue of fact, according to Judge Hewitt, as to what your website meant. Did that mean FEMA or did that mean Dr. Cohen's website? But we came back later and argued that that was time-barred. That was long before any tolling would encompass that date. So there was no recovery permissible for that alleged lost sale to begin with. Speaking of the tolling, I don't see anything in your brief where you actually deny that FEMA fully understood what the debate was, even if it was reflected in brief letters. I mean, you argue that the letters should have said more, but you don't deny that everybody that was on those phone calls knew that he was seeking compensation for the infringement. No, I don't deny that. Well, the argument is based on what was required by a written claim for compensation. But again, I wanted to reiterate that this is a subsidiary issue in the case, that this changes the recovery period from what we say seven days to what would otherwise be three months. And again, adding those three months does not encompass this alleged lost sale to Krieger Publishing where they said, we've seen this on your website, and somehow that would mean the FEMA website. But again, those three months wouldn't encompass that. So we feel the tolling issue is subsidiary. But it still would be a potential difference from seven days to three months. Exactly. Yes. Instead of seven days for the department. So if there was a range, it might be more than $750. Exactly. I mean, if the seven days to three months does make a consideration or change the availability or how much damage there would be. And if there is a range available, yes, that may be that consideration. But again, our argument is under the statutory interpretation, minimum statutory damages means minimum statutory damages. And there's no discretion under that standard. And even if there is discretion, Judge Hughes has already explained that there's no entitlement to more than seven days. In other words, the language is, as the court considers just, and you would say that the court clearly considered $750 to be just. Exactly, Your Honor. I mean, that's, again, to reiterate, as far as this being a summary judgment case, I did want to reference two cases at the Federal Circuit where a non-movement had relied on expert testimony and it was no bar to summary judgment. Those two cases are the perfect web text versus InfoUSA and the text search case. In both cases, the non-movement did have expert testimony that was seen as conclusory. But to answer your question more specifically, there's no question that Judge Hughes did review every submission presented. And Dr. Cohen can't claim that he's been denied that a great opportunity to present all the supporting evidence from discovery. It wasn't really a motion for summary judgment. Fact discovery had closed. Expert discovery had closed. And he'd even been given another opportunity after that first expert discovery closed for more fact discovery. So we feel that if there is a full range, it was within the court's discretion as what the court considers just. And if there are no further questions, we ask that the panel affirm the judgment of the trial. Thank you, Mr. Brutty. Mr. Dowd, we'll give you two minutes of rebuttal time. Thank you, Your Honor. I'll use that two minutes just to address a few points. Raised by my colleague, I believe Mr. Ruddy mentioned the fact that 1498B refers to the specific minimum number in 504C. But I think what's important to recognize is that 1498B refers to the entire subsection of 504C. It could have referred specifically to 504C1, which refers to the minimum, but it refers to that whole subsection. I think that's important in terms of construing the scope of 1498B. Mr. Ruddy also mentioned the Unilon case. But again, that's a patent case. It's not a copyright case. And I submit that the way courts approach damages in copyright cases is very different than in patent cases. And Country Road Music is a prime example. Although there in Country Road Music the court excluded the evidence, it's because there are clearly different licenses. One license was about performance, the performance right under the copyright law. And the question at issue in that case was the right to reproduce. And copyright deals with those uses differently. Parties license them differently at different rates. And I would submit in response to Judge Lurie's question, I don't think the court below considered $750 as a just form of compensation in this case. I believe Chief Judge Hewitt felt her hands were tied, given her interpretation of the statute. And I don't think any reasonable fact finder could conclude that, given the scope of infringement here, $750 is entire and reasonable compensation. Thank you, Your Honor. Thank you, Mr. Dodd. We'll take the case on revisement.